**DALY BROS. SHOE CO., Inc., v. H. JACOB & SONS, Inc., et al.**

**Civil Action No. 809.**

District Court, M. D. Pennsylvania.
March 11, 1943.

Gilbert Nurick and James H. Booser (of McNees, Wallace & Nurick), both of Harrisburg, Pa., for plaintiff.

John McI. Smith, of Harrisburg, Pa., for defendants.

JOHNSON, District Judge.

This is an action in equity brought by the plaintiff to establish title and right of possession to certain machinery installed in a factory building.

The facts involved are as follows: On September 30, 1936, the Campbell Shoe Manufacturing Company, a Maryland corporation, which owned and operated a factory in Littlestown, Adams County, Pennsylvania, filed a petition for reorganization in bankruptcy in the U.S. District Court for the District of Maryland. The bankruptcy proceedings involved two lots of land in Littlestown upon which the factory building was erected wherein certain property was located.

The trustees in bankruptcy on February 26, 1937, sold the two lots and the factory building to one Donovan, who later conveyed to John J. Daly, a resident of Massachusetts, by deeds made subject to existing mortgages in favor of The Littlestown National Bank. Daly on July 22, 1940, conveyed to Warren R. Jones, who was President of The Littlestown National Bank, and agent for R. L. Campbell, by a deed which contained the following clause: "Subject to the right of the grantors or their duly authorized agents for a period of thirty days from date hereof to enter upon said premises and to remove any and all property belonging to the grantors or others and not covered by this deed". This same clause appears in the deed from Warren R. Jones et ux., to Robert L. Campbell, Jones' principal, and one of the defendants herein, dated July 27, 1940, conveying the same premises.

On July 31, 1940, the mortgages on the premises amounting to $21,000 in favor of The Littlestown National Bank were satisfied in full and on that same date Robert L. Campbell executed a new mortgage in favor of The Littlestown National Bank in the amount of $22,000 and in which the same right of removal of property for thirty days was included.

On April 12, 1941, Robert L. Campbell executed a second mortgage in favor of The Littlestown National Bank in the amount of $7,000 and conveyed the real estate to William A. Hahn who has been named a party defendant in this action. The clause reciting the right of removal of property for a period of thirty days does not appear in these two instruments.

The machinery and equipment in the factory building were appraised separately in the bankruptcy proceedings and were sold to Donovan by the trustees in bankruptcy on February 26, 1937, the same day he acquired the real estate. By this bill of sale the trustees granted and conveyed to Donovan "all the said Trustees' right title and interest in and to all the following personal property:

"(1) All materials located in or about the plants of the Campbell Shoe Manufacturing Company at Littlestown, Adams County, Pennsylvania, and at Harristown, Virginia;

"(2) All lasts, dies, patterns and machinery located in or about said plants, other than any leased machinery in the possession of said Debtor and said Trustees;

"(3) All office furniture and equipment located in the aforesaid plants."

Donovan on March 18, 1937, by his bill of sale transferred his title to the above property to John J. Daly, whose interest therein is now held by plaintiff.

The plaintiff contends that the property mentioned in the thirty day clause was personal property and included the machinery installed in the factory building such as motors, shafting, hangers, etc., which it is entitled to remove.

Defendants contend that the items in dispute were fixtures and real property as of February 26, 1937, the date of the deed and bill of sale to Donovan, and that there has been no change in the status of the disputed items since that date.

In the discussion of the matters involved we refer first to the testimony presented by the parties. On behalf of the plaintiff, Philip Mulvihill, Treasurer of Daly Brothers Shoe Company, testified on direct examination, that in a telephone conversation with Jones of The Littlestown National Bank on July 3, 1940, while negotiations for a sale were in progress, he told Jones that the contemplated transfer did not include the machinery. John J. Daly, Chairman of the Board of plaintiff company, testified on direct examination, that he conversed by telephone with Jones during the negotiations and that he, Daly, expressly stated to Jones that the machinery was not to be included in the sale.

Testifying on behalf of the parties defendant, Attorney Richard A. Brown, who acted for Jones and The Littlestown National Bank, while Jones was in the hospital, admitted that in a telephone call which he made to Daly just before transfer of title to the real estate was made to Jones, Daly reminded him of the reservation to Daly Brothers Shoe Company of a right to remove certain property from the plant, but Brown is unable to state of what the property consisted. Jones on direct examination, stated that he did not know at any time of any machinery being reserved in the transaction and that the first he knew of any reservation was when the deed to Campbell was presented to him for signature. The third witness for defendants, Robert L. Campbell, on direct examination, stated that he had assumed that the reservation applied to lasts, dies and patterns only. From this oral testimony alone it is difficult to determine what the various parties to the transactions had agreed upon.

We turn now to the correspondence between the parties as shown by the exhibits to determine if the point in dispute can be clarified. The first letter which bears upon the matter is that of August 8, 1940 from R. L. Campbell to Daly Brothers Shoe Company in which Campbell refers to a telephone call he received from Daly's office "with reference to the removal of *equipment*", and closes by stating, " * * * it is just possible we might be able to use some of this *equipment* provided we can agree upon prices". As Campbell was the principal for whom Jones and his attorney Brown were acting and as the deed whereby Daly conveyed to Jones, agent for Campbell, was the first to contain the thirty day removal clause, it is necessary to consider the accepted definition of the word "equipment". It is defined in Webster's New International Dictionary as follows: "As used in industry: the physical facilities available for production, including buildings, machines, tools, etc.".

Thereafter the words, "contents", "property" and "equipment" variously appear in the correspondence which refers to removal rights and which also contains an

indefinite extension of the thirty day limitation therefor. There appears to be no dispute over any tools in The Littlestown plant. In the final exhibit offered by plaintiff, R. L. Campbell, on November 7, 1940, notified Daly Brothers Shoe Company that the "equipment" should not be removed from the Littlestown plant, whereupon this dispute ripened into a lawsuit.

In the accepted meaning of the word "equipment" the parties, therefore, were dealing with the machinery in the plant and a constructive severance must have occurred in the course of those dealings.

Defendants objected to the admission of parol evidence to vary the terms of the written instruments. Parol evidence was properly admitted here, not to vary the terms but to explain the subject matter. Barnhart v. Riddle, 29 Pa. 92, 96, 97; Rochester & Pittsburgh Coal & Iron Company v. Makoma Coal Company, 271 Pa. 394, 398, 114 A. 261.

It is significant that after satisfaction of the old mortgages the new first mortgage given by Campbell to The Littlestown National Bank and the deed which Campbell received from Jones are both found to contain the same reservation of the right of removal for thirty days. If any disagreement existed between the parties at that time or if it were deemed advisable to secure greater protection for Jones' bank or his principal and grantee, Campbell, the reservation clause could have at that time been adequately re-phrased. This failure to re-state the clause in adequate wording at that time may have been due to the fact that after permitting the removal of the shafting and hangers from the stitching room it was later decided by Campbell that "according to our attorney" the property now in dispute "should be regarded as part of the building" and was not to be removed.

At the time the new mortgage was given by Campbell to The Littlestown National Bank the factory was not a going concern, the old mortgages had been satisfied, and the new mortgage contained no provision for the inclusion of machinery or equipment. The words "improvements" and "appurtenances" do not constitute an express mortgage of the machinery. In re Charles F. Datz Co., D.C., 11 F.Supp. 852, 853. The new mortgage was drawn and executed with full knowledge on the part of the officers of The Littlestown National Bank that certain "property" was to be removed from the building located on the premises covered by the mortgage. At that time prudence should have indicated to the parties to the mortgage and deed the necessity of clarifying the point in dispute, if in fact any dispute existed at that time.

The defendants contend that the transfer of John J. Daly to Daly Brothers Shoe Company, Inc., is in violation of the Statute of Frauds and that John J. Daly should be the plaintiff herein. We are unable to discern merit in this contention. Daly Brothers Shoe Company, Inc., under Rule 17, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is the real party in interest in this action and the Statute of Frauds does not apply thereto.

As for the contention of defendants that a written instrument is to be construed more strictly against him who made it and thereby had the opportunity to draw it in his own favor, we note at this point that the new mortgage to The Littlestown National Bank and the deed of Jones to Campbell also fall within the rule, which if construed strictly against the Bank and Campbell would indicate that neither instrument was meant to include machinery and equipment.

The adjudication resulted in a termination of the business of the bankrupt company. The Trustees did not sell the property of the bankrupt company as a going business. They disposed of the real property by deed and the personal property by bill of sale. As between the parties to the deed and bill of sale a separation of real and personal property was thereby effected. We have already referred to the contention of the defendants that the interest of the mortgage was affected. We note at this point that the mortgagee through its officers made no protest at any time against the separation of real and personal property.

Nowhere is it suggested that Campbell and the other interested parties did not know of the removal of a part of the hangers and shafting and yet no protest was made. If plaintiff had not relied upon the indefinite extension granted to him it is possible that the removal would have been completed without interference.

Campbell had on August 8, 1940, by letter to Daly Shoe Company, offered to purchase the "equipment", "provided we can agree upon prices", and cannot now be heard to say that he offered then to purchase what he now claims to own. Charlotte Furnace Co. v. Stouffer, 127 Pa. 336, 17 A. 994.

By the transactions between the parties, grantors and grantees, all the fixtures, including all the machinery, were intended to be separated and dis-annexed from the building, and were in fact so separated and dis-annexed. The only obstacles between the intention of the parties and the consummation of that intention were the liens of the old mortgages, but when these mortgages were satisfied all negotiations, written and verbal, intending to dis-annex and remove the fixtures became perfected and consummated, so that all the fixtures became personal property, separated from the building in fact and in law. When the new mortgage was entered into it covered the building alone and did not include the fixtures. As a matter of fact the new mortgage expressly recognized the separation of the fixtures by inclusion of the thirty day removal clause expressed in the same terms as in the deeds to the real estate.

It is the conclusion of this Court, after a careful examination of the evidence, that title to the equipment and machinery of The Littlestown factory is in Daly Brothers Shoe Company, Inc., and it therefore follows that plaintiff is entitled to possession and removal thereof.

Now, therefore, this 11th day of March, 1943, it is ordered, adjudged and decreed as follows:

1. That the plaintiff herein, Daly Brothers Shoe Company, Inc., is the owner of the equipment which is the subject matter of this action, located in the factory building at Littlestown, Adams County, Pennsylvania.

2. That the said equipment is free and clear of all claims, liens and encumbrances attempted to be asserted in this action.

3. That the defendants be and they are hereby required to surrender to the plaintiff possession of the aforesaid equipment in order that it may be removed by the plaintiff or its duly authorized agents.

4. That the plaintiff is and it is hereby required to remove the said equipment prior to June 1, 1943.