**WILMINGTON SUBURBAN WATER CORPORATION, Petitioner Below, Appellant,**

v.

**BOARD OF ASSESSMENT FOR NEW CASTLE COUNTY et al., Respondents Below, Appellees.**

**NEW CASTLE COUNTY WATER COMPANY et al., Petitioners Below, Appellants,**

v.

**NEW CASTLE COUNTY BOARD OF ASSESSMENT REVIEW et al., Respondents Below, Appellees.**

Supreme Court of Delaware.

June 19, 1973.

---

CAREY and HERRMANN, JJ., and DUFFY, Chancellor, sitting.

H. James Conaway, Jr. and Edward B. Maxwell, 2nd, of Young, Conaway, Stargatt & Taylor, Wilmington, for appellants.

Robert E. Daley, Wilmington, for appellees.

PER CURIAM:

The appellants herein are in the business of supplying water to properties in New Castle County. They contend that the Superior Court erred in holding that certain storage tanks and underground pipes, running through lands owned by others, are taxable by the appellee. A detailed description of the nature of these items is contained in the opinion of the Superior Court, reported at 291 A.2d 293. The answer to the question presented depends upon whether the tanks and pipes are real property since, under 9 Del.C. § 8002, personal property is not taxable by the County or other political subdivision.

The Court below held that the property is realty for the purposes of taxa-

tion under the statute. We agree with that holding for the reasons set forth in the opinion of the Court below. We think that the case is governed by Wilmington Housing Authority v. Parcel of Land, Del.Supr., 219 A.2d 148 (1966), rather than Equitable Guarantee & Trust Co. v. Hukill, 10 Del. Ch. 88, 85 A. 60 (1912).

The judgment below will be affirmed.

## ON MOTION FOR REARGUMENT

In a motion for reargument, the appellants point out that neither our opinion nor that of the Court below specifically discusses certain arguments advanced by them. These contentions were not overlooked by us, despite our failure to mention them. The briefs of both parties set forth their respective positions on these points and we therefore consider reargument unnecessary. The contentions referred to are these:

(1) Those facilities in lands owned by the State or the Railroad are exempt from taxation under 9 Del.C. §§ 8103 and 8108;

(2) The water storage tanks are not real estate; and

(3) Some of the facilities are "trade fixtures" which appellants may, under contracts with the property owners, remove at any time.

## I

9 Del.C. § 8103 forbids taxation of property belonging to the State or any county therein. 9 Del.C. § 8108 provides, in effect, that real estate of a railroad company is subject to taxation except such real estate as is included within the limits of the rights-of-way or roadbeds of their rail lines; any buildings within those limits, however, are not exempt from taxation.

■ Some of the appellants' pipelines are laid in grounds along highways owned by the State; others are in grounds within the roadbeds of the railways. Appellants contend that, since such lands are not taxable, their pipelines therein, if classified as real estate, are likewise not taxable. This argument ignores the fact that the exemptions apply to property owned by the *State* or the *railroads*; it does not apply to property owned by the water companies. Neither the State nor the railroads own these water lines and the appellants cannot take advantage of the exemptions afforded the State or the railroads.

■ We must keep in mind the principle that, "as to some persons, a certain movable thing is personalty, while as to others it is realty." In Re Frederica Water, Light & Power Co., 10 Del.Ch. 362, 93 A. 376, 378 (1915). Here, as between the State and the railroads, on one hand, and the appellants, on the other, the lines might be, and probably are, properly classified as personalty; as between the appellants and the taxing authorities, they are properly deemed to be realty. In our opinion, the appellants cannot rely upon the exemptions of the State and the railroads to avoid taxation of their own interests in the real estate.

## II

We do not agree with appellants' contention that the water tanks are personalty for tax purposes, whether located upon their own lands or upon lands of others. They are described as metal tanks, having various capacities measured in hundreds of thousands of gallons. Some rest upon concrete foundations; some of them are bolted to the foundations, others are not. Still others are elevated and supported by steel beams. They all form an integral part of the appellants' distribution system, just as do the pipelines. Obviously, they were intended to be permanent structures in the sense that they will remain in use for a lengthy, indefinite period of time. This is true even of those which are on leased land. It is not denied that the tanks can be moved, but that fact is not controlling, although significant. As pointed out in Wilmington Housing Authority v. Parcel of Land, Del.Supr., 219 A.2d 148 (1966), the true test is whether "the chattel was

affixed . . . for a temporary or a permanent purpose." Again, if the present dispute were one between the appellants and the landowners, our ruling might be different, cf. In Re Frederica Water, Light & Power Co., *supra*, and Equitable Guarantee & Trust Co. v. Hukill, 10 Del.Ch. 88, 85 A. 60 (1912); but as between the present parties, they must be considered realty.

### III

The appellants make a contention based upon the theory that these items are actually "trade fixtures" and should accordingly be treated as personalty for all purposes. We disagree with this suggestion. The basic purpose of the "trade fixture" rule is to protect the tenant against claims of ownership by the landlord. There is no problem in this case about ownership of the "fixtures;" discussing their liability to taxation would be a mere repetition of what has already been said.

The motion for reargument is denied and our conclusion to affirm remains unchanged.