## IN RE PETITION OF KDAL, INC., FOR DETERMINATION OF OBJECTIONS TO CERTAIN TAXES v. COUNTY OF ST. LOUIS.

240 N. W. 2d 560.

April 2, 1976—No. 45775.

---

[7] Channel 10 v. Independent School Dist. No. 709, 298 Minn. 306, 325, 215 N. W. 2d 814, 827 (1974).

*Warren Spannaus,* Attorney General, and *Arthur J. Glassman,* Special Assistant Attorney General, for appellant.

*Knetsch & Bang* and *James J. Bang,* for respondent.

*Peterson, Popovich, Knutson & Flynn, Peter S. Popovich,* and *Ronald C. Ruud,* for Minnesota Broadcasters Association, amicus curiae, seeking affirmance.

*Altman, Geraghty, Mulally & Weiss* and *Judd S. Mulally,* for United Television, Inc., amicus curiae, seeking affirmance.

PETERSON, JUSTICE.

Petitioner, television station KDAL, Inc., Duluth, owns and maintains a tower 800 feet tall, which supports at the top a large television antenna used for transmitting television signals. The County of St. Louis levied a tax on this tower, and KDAL sought review in the District Court of St. Louis County. That court ordered judgment for refund of the tax that had been paid, holding that the tower was exempt property. The County of St. Louis appealed to this court, and the Commissioner of Taxation was substituted for the county for purposes of presenting the appeal. We affirm.

Minn. St. 272.01 provides that all real and personal property in this state is taxable unless otherwise exempt. Minn. St. 272.03, subd. 1, specifies that "real property" includes the land itself and all buildings, structures, and improvements or other fixtures on it. Thus the tower is taxable unless it falls within some applicable exemption.

Minn. St. 272.02, subd. 1(11), allows an exemption for "the property described in section 272.03, subd. 1(c)." Section 272.03, subd. 1(c)(i), provides: "The term real property shall not in-

clude tools, implements, machinery, and equipment attached to or installed in real property for use in the business or production activity conducted thereon, regardless of size, weight or method of attachment." Thus, even if according to the common-law rules of classification the tower would be considered real property, it is exempt and not taxable if it is equipment (or a tool, implement, or machinery) and if it is used in the business or production activity of petitioner television station.

"Equipment" is an exceedingly elastic term, the meaning of which depends on context. Webster's New International Dictionary (2 ed. 1947) p. 865, defines equipment, in part, as "[m]aterial or articles used in equipping." To equip is "[t]o furnish for service or against a need or exigency; to fit out; to supply with whatever is necessary to efficient action in any way." Black, Law Dictionary (4 ed.) p. 631. The word equipment has been defined in cases as "the physical facilities available for production, including machines and tools" (Daly Bros. Shoe Co. v. H. Jacob & Sons, 49 F. Supp. 118, 120 [M. D. Pa. 1943]), and "[a]nything provided for efficient service," including fixtures (Western Maryland Dairy, Inc. v. Maryland Wrecking & Equip. Co. 146 Md. 318, 321, 126 A. 135, 136 [1924]). In another case telephone poles were held to be equipment of a telephone company (Southwestern Bell Tel. Co. v. Calvert, 479 S. W. 2d 697, 699 [Tex. Civ. App. 1972]), and in yet another case a water company's water pipes, mains, and storage tanks were held to constitute trade equipment (Wilmington Suburban Water Corp. v. Board of Assessment, 291 A. 2d 293, 298 [Del. Super. 1972], affirmed, 316 A. 2d 211 [Del. S. Ct. 1973]).

When it enacted Minn. St. 272.03, subd. 1(c), the legislature did not intend to exempt buildings, but it did intend to exempt certain other kinds of stationary, outdoor structures. The terms "structure" and "equipment" are not mutually exclusive. Indeed, the commissioner concedes that *radio* tower structures are equipment and are exempt because in the case of radio transmission the entire tower is electrified. The commissioner's position is

that because a television tower does nothing more than support a television antenna (which he also concedes is exempt equipment), it is not used *directly* in the business or production of the taxpayer and therefore is not equipment.

The parties agree that the exemption in question, Minn. St. 272.03, subd. 1(c), was enacted to change the law following our decision in Abex Corp. v. Commr. of Taxation, 295 Minn. 445, 207 N. W. 2d 37 (1973). In Abex we held that certain ponderous foundry equipment which filled an 80,000-square-foot building, seven stories high, was real property and taxable. Now under Minn. St. 272.03, subd. 1(c), it is not taxable even if the common law would classify it as real property.

We hold that the legislature intended to include television towers such as the one in the case at bar within the exemption for tools, implements, machinery, and equipment. The tower serves the sole function of holding the antenna aloft, and the antenna is admitted by all to be exempt equipment. To decide that the tower is not equipment would be to exempt the flag and still tax the standard.

That the tower is attached to or installed in real property is undisputed. Nor is it disputed that the tower, which serves the essential function of holding the antenna aloft, is used in the business or production activity of the taxpayer. Therefore, all elements necessary for the tower to come within the exemption of Minn. St. 272.03, subd. 1(c), have been shown.

Affirmed.