**ZIMPRO, INC., Respondent,**

v.

**COMMISSIONER OF REVENUE, State of Minnesota, Appellant.**

**No. 51743.**

Supreme Court of Minnesota.

Aug. 7, 1981.

---

Warren Spannaus, Atty. Gen., Paul Kempainen, Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for appellant.

Briggs & Morgan, James Littlefield and Martin Fisk, St. Paul, for respondent.

1. The stipulation of facts is found in the appendix to this opinion.

OTIS, Justice.

This case arises from an action for declaratory judgment in which respondent Zimpro, Inc. asks that its purchase of more than $13 million worth of sewage treatment equipment, pursuant to its performance of a contract with the Metropolitan Waste Control Commission, be declared tax exempt under Minn.Stat. § 297A.25(1)(j) (1980). That provision exempts "[t]he gross receipts from all sales of tangible personal property to * * * a state and its agencies, instrumentalities, and political subdivisions * * *." *Id.*

On a stipulation of the facts, the Ramsey County District Court granted Zimpro's motion for summary judgment, and held that Zimpro's purchases were of "tangible personal property" as defined in Minn.Stat. § 297A.01(11) (1980) and thus were a taxable event to a buyer other than an entity such as the Metropolitan Waste Control Commission which is tax exempt under Minn.Stat. § 297A.25(1)(j) (1980). From that judgment the Commissioner of Revenue appeals. We remand for additional findings.[1]

At issue is which of two events is taxable: respondent Zimpro's purchase of equipment in fulfillment of its contract with the Metropolitan Waste Control Commission (hereafter "MWCC"); or, Zimpro's sale of equipment to the MWCC under the contract. If the taxable event is Zimpro's purchase, then Zimpro is liable for sales tax under Minn.Stat. § 297A.02 (1980) since Minn.Stat. § 297A.01(4) (1980), in pertinent part, defines "retail sale" and "sale at retail" as "sales of * * * equipment to * * * contractors * * * for the * * * improvement of real property * * * whether or not for purpose of resale in the form of real property or otherwise."

If, instead, the taxable event is Zimpro's sale of the equipment to the MWCC, a state

entity,[2] and if the equipment sold is regarded as "tangible personal property," then Zimpro is not liable for sales tax because the sale would be within the scope of Minn. Stat. § 297A.25(1)(j) (1980) which exempts "[t]he gross receipts from all sales of tangible personal property to * * * a state and its agencies, instrumentalities and political subdivisions * * *."

The district court concluded that Zimpro is a contractor, that the purchased equipment does not constitute an improvement of real property; that the taxable event was Zimpro's sale to the MWCC; and that as a sale to a state instrumentality, the event was tax-exempt. We have examined the stipulation of facts and the exhibits and are unable to determine from that record whether or not the sewage treatment equipment, as purchased and installed, constitutes an improvement of real property. We are satisfied that Zimpro is a contractor. Our concern is with the characteristics of the purchased equipment, the mode of its installation, and the intent of the parties with regard to that installation.

On remand we direct there be specific findings made on the questions that follow. (1) Was a building constructed in order to house the equipment when installed? (2) If so, could the construction have been completed prior to the installation of the equipment? (3) Did the installation require an excavation to accommodate the equipment, that is to say, is some or all of it built into the ground? (4) Did the equipment require a poured and molded concrete mount? (5) Was the equipment or the mounting custom-made so that if the equipment were now removed, a replacement would have to be specifically made or the mounting specially modified? (6) Are the connecting pipes that lead to the rest of the plant part of the installed equipment? (7) If so, have those pipes been set below ground or mounted in concrete? (8) Could all of the equipment be removed without damage to itself, its mountings, or the buildings that house it? (9) Could this equipment operate apart from the plant or any housing? (10)

Does the operation of the plant depend on the operation of this equipment? (11) If the equipment were removed are there other plants currently operating within the system into which it could be installed without modification of the equipment or those plants? (12) Is it reasonable to assume that this equipment was intended to remain in the plant until the equipment becomes inoperable or obsolete? (13) Can this equipment be adapted to any other use than that of sewage treatment? This list is not exhaustive. Counsel may request the district court to make additional findings.

We remand for the purpose of receiving whatever evidence is necessary or appropriate in making additional findings as set forth herein.

Remanded.

## STIPULATION OF FACTS

It is hereby stipulated and agreed by and between the parties hereto, by their respective counsel, that the facts herein stated are true and correct and that this stipulation may be offered in evidence at the trial of this cause by either party hereto with the same force and effect as if the facts stated herein were duly proved by competent evidence; provided, however, that this stipulation is without prejudice to the right of either party to introduce further evidence not inconsistent with the facts herein stipulated.

1. The Plaintiff, Zimpro Inc. (hereinafter "Zimpro") is a corporation organized under the laws of Wisconsin with its principal place of business in Rothschild, Wisconsin.

2. Metropolitan Waste Control Commission (hereinafter "MWCC") is an entity to which all sales of tangible personal property, and all storage, use or consumption of tangible personal property, are exempt from the taxes imposed by Minnesota Statutes Sections 297A.01 to 297A.44 under the provisions of Section 297A.25(1)(j).

2. See Minn.Stat. §§ 473.501–.549 (1980).

3. In June 1976, the MWCC advertised for bids regarding a proposed MWCC project, Project No. 74–01–3 and 4, Sludge Thermal Conditioning and Dewatering Equipment Systems (hereinafter "Project"). A copy of the Advertisement for Bids and the Bid Instructions is attached hereto as Exhibit A.

4. On August 6, 1976, a representative of Sterling Drug, Inc., the parent company of Zimpro, wrote a letter of inquiry concerning the MWCC Project to the Minnesota Department of Revenue, a copy of which is attached hereto as Exhibit B.

5. On August 17, 1976, a representative of the Minnesota Department of Revenue responded to the inquiry of Sterling Drug, Inc. with a letter, a copy of which is attached hereto as Exhibit C.

6. On December 30, 1976, Zimpro submitted its bid on the Project. If officers of Zimpro were to testify they would testify that this bid did not include an amount for Minnesota sales taxes.

7. On February 15, 1977, the MWCC resolved to accept the bid of Zimpro; however, pursuant to a bid protest lodged by another bidder on the Project, this award was rescinded by ruling of the U.S. Environmental Protection Agency and a second advertisement for bids was made on or about July 1, 1977.

8. Zimpro submitted its second bid on the Project on July 21, 1977, which with others was opened on July 22, 1977. If officers of Zimpro were to testify they would testify that this bid did not include an amount for Minnesota sales tax. A copy of Zimpro's second bid is attached hereto as Exhibit D.

9. On August 16, 1977, MWCC accepted Zimpro's second bid and awarded it the contract on the Project.

10. On October 7, 1977, a representative of Zimpro wrote a letter to the Minnesota Department of Revenue, a copy of which is attached hereto as Exhibit E.

11. On October 17, 1977, a representative of the Minnesota Department of Revenue responded to the inquiry of Zimpro with a letter, a copy of which is attached hereto as Exhibit F.

12. The contract between Zimpro and the MWCC was signed on October 18, 1977. A copy of the Form of Contract Agreement with attached bond and insurance documents is attached hereto as Exhibit G. A copy of the first 34 pages of the contract specifications (showing "special conditions" and "summary of work") is attached hereto as Exhibit H.

13. Zimpro has been and is currently purchasing tangible personal property to be used in fulfilling its contract with MWCC.

14. This action was commenced on October 11, 1978.