CROWN COCO, INC., Respondent,

v.

The COMMISSIONER OF REVENUE, Relator.

No. C2–82–1025.

Supreme Court of Minnesota.

July 15, 1983.

Hubert H. Humphrey III, Atty. Gen., and James W. Neher, Sp. Asst. Atty. Gen., St. Paul, for relator.

Richard A. Saliterman, John F. Alden III, and George E. Antrim, Minneapolis, for respondent.

SCOTT, Justice.

The Commissioner of Revenue petitioned for writ of certiorari to review an order of the Tax Court that determined that a metal canopy over gasoline pumps at a self-service gas station is "equipment" and therefore not subject to the real property tax. We reverse.

Respondent Crown CoCo, Inc., operates a self-service gasoline station in Royalton, Minnesota. In 1976, a 60′ × 54′ steel-framed, shingled-roof canopy was moved from southern Minnesota and installed over Crown CoCo's gasoline pumps. The canopy, which is bolted to concrete footings, protects the pumps and customers from inclement weather. The canopy could be easily removed from the site. However, there is no indication Crown CoCo has any intention of moving the canopy.

In January 1981, the Morrison County Assessor determined that the canopy was real property worth $22,660, that the land was worth $1,200, and that a small office building was worth $100. The county review board subsequently reduced the overall market value of the property to $20,000. Crown CoCo appealed the assessment to the Commissioner of Revenue on the ground that the canopy is "equipment" pursuant to Minn.Stat. § 272.03, subd. 1(c)(i) (1982), and exempted from real property taxation pursuant to Minn.Stat. §§ 272.01, subd. 1, and 272.03, subd. 1(a) (1982). On November 10, 1981, the commissioner ordered an assessment sustaining the county board. Crown CoCo appealed to the Tax Court, which reversed the commissioner.

All real and personal property in the State of Minnesota is taxable unless otherwise exempt. Minn.Stat. § 272.01, subd. 1 (1982). "Real property" includes "the land itself and all buildings, structures, and improvements or other fixtures on it." Minn. Stat. § 272.03, subd. 1(a) (1982). The statute exempts from real property "equipment attached to or installed in real property for use in the business * * * conducted thereon, regardless of size, weight, or method of attachment." Minn.Stat. §§ 272.03, subd. 1(c)(i), and 272.02, subd. 1(11) (1982).

The canopy may be exempt from taxation even though it would be considered real property according to common-law rules of classification. *In re KDAL, Inc. v. County of St. Louis,* 308 Minn. 101, 103, 240 N.W.2d 560, 561 (1976). In *KDAL* we held that a support tower for a television station antenna is exempt from property tax because it constitutes "equipment." We noted that " '[e]quipment' is an exceedingly elastic term, the meaning of which depends on the context." 308 Minn. at 103, 240 N.W.2d at 561. The tower served the sole function of supporting the antenna, which was conceded to be equipment. We stated that to hold the tower was not equipment "would be to exempt the flag and still tax the standard." 308 Minn. at 104, 240 N.W.2d at 562.

The flag and standard analogy is not appropriately applied to gas pumps and canopy. The canopy's sole function is not to protect the pumps, which are conceded to be equipment. The canopy also protects the patrons of the self-service station.

We reject the Tax Court's reasoning that the canopy is equipment because it is integral to the operation of a self-service station. This reasoning logically suggests canopies in full-service stations would be treated differently for tax purposes because they are not integral to customer service.

 To be exempt as equipment, an item must perform functions distinct and different from the functions ordinarily performed by buildings and other taxable structures. *See KDAL,* 308 Minn. 101, 103–04, 240 N.W.2d 560, 561 (1976). Although a canopy has no walls, it essentially serves the same shelter function as buildings and other structures to the extent that it protects persons and items from forces of nature.

Based on the adoption of the "functionality" test, we hold that a canopy over self-service gasoline pumps is a taxable structure and subject to taxation pursuant to Minn.Stat. § 272.01 subd. 1 (1982).

Reversed.