**BARTON ENTERPRISES, INC., Relator,**

v.

**COUNTY OF RAMSEY, Respondent.**

No. CX–86–228.

Supreme Court of Minnesota.

Aug. 8, 1986.

James W. Littlefield, Minneapolis, for relator.

Tom Foley, David Fortney, St. Paul, for respondent.

COYNE, Justice.

By writ of certiorari Barton Enterprises, Inc. seeks review of the tax court's determination that oil tanks, used by Barton in its business of selling petroleum products, are taxable as real property. We affirm.

Barton sells asphalt cement (residual oils) and fuel oils, primarily to construction companies. The oils are stored in 11 tanks ranging in capacity from 100,000 gallons to more than 4 million gallons. All but the two smallest tanks were constructed on the business premises which Barton leases from the Port Authority of the City of St. Paul. The tanks are interconnected by pipes, and pumps are used to transfer oils from receiving to loading stations, to blend oils to the desired grades, and to maintain the specified grades of the asphalts, which change character frequently because they are held at a temperature of 300°F.

Ad valorem taxes payable in 1985 were assessed against Barton pursuant to Minn. Stat. § 272.01, subd. 2 (1984), on the land and buildings, including the 11 oil tanks. Barton contends that the tanks are "equipment" used in its business and, therefore, exempt from taxation as real property. Minn.Stat. § 272.03, subd. 1(a) (1984) defines real property:

> For the purposes of taxation, "real property" includes the land itself, rails, ties, and other track materials annexed to the land, and all buildings, structures, and improvements or other fixtures on it, bridges of bridge companies, and all rights and privileges belonging or appertaining to the land, and all mines, minerals, quarries, fossils, and trees on or under it.

The statute also sets out the exception on which Barton relies:

> The term real property shall not include tools, implements, machinery, and equipment attached to or installed in real property for use in the business or production activity conducted thereon, regardless of size, weight or method of attachment.

Minn.Stat. § 272.03, subd. 1(c)(i) (1984). The tax court found that the basic function of the tanks was to contain and shelter oils—a function similar to that performed by buildings—and affirmed the assessment of the oil tanks as real property.

In *Crown CoCo, Inc. v. Commissioner of Revenue*, 336 N.W.2d 272 (Minn.1983), we adopted the "functionality test" for determining the availability of the exemption for equipment. "To be exempt as equipment, an item must perform functions distinct and different from the functions ordinarily performed by buildings and other taxable structures." *Id.* at 274. Thus, we held that a canopy is a taxable structure. Even though it has no walls, to the extent that it protects persons and items from forces of nature, a canopy serves the function of a building. *Id.*

More recently we declined to limit the application of the "functionality test" to the primary function of a structure. Rejecting the argument that because the primary function of a greenhouse is the creation of a controlled environment suitable for growing plants, a greenhouse should be deemed "equipment" even though it performs some sheltering functions, we held that the shelter function need not be the sole or even the primary purpose of a structure in order to permit assessment of the structure as real property. *Busch v.*

*County of Hennepin,* 380 N.W.2d 813 (Minn.1986).

It may be conceded that containment is the primary function of oil tanks and that containment is something different from shelter. Nevertheless, the tax court found that the tanks provide shelter as well. Inasmuch as the tanks do protect the oils from various contaminants, from rain, snow, and other forces of nature—e.g., by insulating the heated asphalt cements from cold—we cannot say that either the tax court's finding of fact or the conclusion that the tanks are subject to taxation as real property is clearly erroneous.

Affirmed.