EASTERN PENNSYLVANIA POWER COMPANY, PROSECUTOR, v. STATE BOARD OF TAXES AND ASSESSMENT ET AL., DEFENDANTS.

Submitted June 6, 1924—Decided October 7, 1924.

1. A dam built of concrete across the Paulins Kills, a public stream, for the purpose of impounding the water of the stream, so as to furnish power to an electric generator, is part of the "equipment" of the plant under the statute. *P. L.* 1919, *p.* 49.

2. The prosecutor having paid a tax on its gross receipts under the statute (*P. L.* 1919, *p.* 49), is exempt from the assessment of a local tax on its "machinery, apparatus and equipment, notwithstanding any attachment thereof to lands or buildings." The dam as part of the "equipment" is not subject to a local tax.

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *King & Vogt*.

For the defendants, *Nicholas Harris*.

The opinion of the court was delivered by

BLACK, J. This is a tax case. The only question involved is the correct construction and application of the statute (*Pamph. L.* 1919, *p.* 49) entitled "An act for the taxation of the gross receipts of" certain enumerated corporations. That statute, so far as it is pertinent to this case, provides as follows:

"In addition to the franchise taxes, which are imposed under and by the acts hereinbefore recited, there shall be levied and assessed upon gross receipts of street railway, traction, gas and electric light, heat and power corporations, an additional annual tax at the average rate of taxation of this state as computed and fixed by the state board of taxes and assessment under the provisions of chapter 82 of the laws of 1906, which additional tax shall be levied and assessed upon the gross receipts of such corporations from their business over, on, in, through or from their lines, wires or mains, in the State of New Jersey," * * * "which additional tax hereby imposed shall be in lieu of all state, county, school and local taxation of all personal property, and of all railways, tracks, rails, ties, lines, wires, cables, poles, pipes, conduits, bridges, viaducts, machinery, apparatus and equipment, notwithstanding any attachment thereof to lands or buildings held and owned by any such corporation."

The property of the prosecutor locally assessed is situate in Knowlton township, Warren county, New Jersey. It is on the Paulins Kill. The Paulins Kill is a public stream which flows into the Delaware river at Columbia. The assessor of that township for the year 1923, as of October, 1922, made a total assessment of prosecutor's property at a valuation of $45,500. The duplicate shows an asessment of one thousand dollars ($1,000) for the land and forty-four thousand five hundred dollars ($44,500) for the improvements. He testified that he did not know exactly how the total was made up, he "really took it mostly off of the old books." It includes an assessment against the power house. It also includes the dam. Everything was assessed in a lump sum; that is the way it seemed to be on the book, "that is the way I found it." The testimony further shows the property assessed consists, approximately, of one hundred (100) acres of land, which is flooded, covered by the waters impounded by the dam, and a power house, which contains one water-wheel and one generator. The generator is moved by the water-wheel, which in turn is moved by the water impounded by the dam. The dam is built across the Paulins Kill adjoining the building.

This is all the property that is included in the assessment. The whole is called an hydraulic electric light generating or an hydro-electric plant; an electric light and power plant. The water is impounded by the dam for the purpose of turning the water-wheel, which turns the generator. The force from the head of the water causes the wheel to turn, which generates the electricity. There is no controversy over the assessment of one thousand dollars ($1,000) for the land, or the improvements at ten thousand dollars ($10,000), which include the building, the power house, which houses the generator. Thirty-four thousand five hundred dollars ($34,500) covers the dam built across the stream adjoining the building. This, it is claimed, falls within the provisions of the statute (*Pamph. L.* 1919, *p.* 49) as equipment. The dam is a structure composed of concrete built across the stream, the Paulins Kill, from one bank of the stream to the other, which impounds the water. It was put there about 1909 for the purpose of impounding the water to furnish power for the plant, which was then under construction by the Warren County Water Power Company, a predecessor of the prosecutor. The dam is two hundred and thirteen feet three inches long. From the top to the apron it is twenty-two feet. The apron is ten feet wide, twenty feet at the base, tapering off to a point. It is twenty-two feet high from the foundation to the top of the dam. The prosecutor pays a gross receipt tax under the act of 1919, page 49, also a franchise tax to the state. If the dam, at a valuation of $34,500, is excluded, it will then pay a local tax to Knowlton township on the other property assessed at $11,000. The prosecutor by name is one of a class of corporations mentioned in the statute. The facts above recited, we think, bring the dam within the scope of the statute. The additional tax the prosecutors pays upon the gross receipts is in lieu of a local tax on its "machinery, apparatus and equipment, notwithstanding any attachment thereof to lands or buildings." This is sufficiently comprehensive to include the dam. Without the dam there would not be a complete plant, only the bare bones without life: and without a working plant, there would be no

gross receipts. It is urged, and we think successfully, that the dam is as necessary as the water-wheel; the wheel is as necessary as the generator and the generator is as necessary as the dam; each unit is as necessary for the generation of electricity as every other unit. Together, they constitute the "equipment" of the plant. Equipment means that which is needful, that which is necessary. Take any of the three away and there would not be a working plant. The water-wheel and generator are clearly not taxable under the terms of the statute. The dam, we think, is not, because it is a part of the plant and falls within the statute. The result is the assessment of $34,500 on the dam is canceled and the assessment of the prosecutor is fixed at and reduced to eleven thousand dollars ($11,000) for local taxes for the year 1923.