**Francis Everett BRANDER, Individually and on behalf of all those underwriters at Lloyd's subscribing to Policy # 24563, Plaintiff-Appellee,**

v.

**Thomas Jackson NABORS, Defendant-Appellant.**

No. 78–1275
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 5, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

William S. Lawson, Tupelo, Miss., Luke M. Dove, Jr., Jackson, Miss., for defendant-appellant.

Baine, Moore, Simmons & Thompson, Louis G. Baine, Jr., Clifford C. Thompson, Jackson, Miss., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

The plaintiff, the assignee of its judgment debtor's rights under a medical malpractice insurance policy, contends that the notice provisions[1] of that policy create an ambiguity as to the nature of coverage afforded and, in any event, contravene public policy. Although the trial court did not

1. The policy provides, in relevant part:

"1. WHEREAS the Assured named in the Schedule herein has made a written proposal, a signed copy of which is attached hereto, which bears the date stated in the Schedule and contains particulars and statements which shall be the basis of this contract and are to be considered as incorporated herein, and whereas the Assured has paid the premium stated in the said Schedule.

2. NOW WE THE UNDERWRITERS hereby agree, subject to the terms, limitations, exclusions and conditions of this Insurance, to pay on behalf of the Assured all sums which the Assured shall by law be held liable to pay for damages arising out of bodily injury or mental injury to or death of any patient caused by or alleged to have been caused by error, omission or negligence in professional services rendered or which should have been rendered (hereinafter referred to as Malpractice).

PROVIDED ALWAYS THAT

(a) such Malpractice results in a claim being made against the Assured during the period of Insurance as stated in the Schedule and of which immediate notice has been given in accordance with Sub-Paragraph 2 of the Special Condition hereof except that any claim subsequently arising out of the conduct or circumstances referred to in such notice shall for the purposes of this Insurance be deemed to have been made during the currency of this Insurance. . .

(c) there shall be no liability hereunder for any claim made against the Assured for Malpractice committed or alleged to have been committed prior to the Retroactive Date specified in the Schedule. . . .

5. In the event of

(a) the expiration of this Insurance by reason of non renewal, or

(b) the termination of this Insurance as an entirety as provided in General Condition B

then this Insurance shall extend, subject otherwise to its terms, limitations, exclusions and conditions, to apply to claims made against the Assured during the thirty-six calendar months following immediately upon such expiration or termination but only for Malpractice committed or alleged to have been committed between the Retroactive Date and such expiration or termination.

If this Insurance is immediately succeeded by a similar Insurance on which the Retroactive Date is the same as that shown in the Schedule of this Insurance, the succeeding Insurance shall be deemed to be a renewal hereof and in consequence the aforementioned thirty-six calendar months extension shall not be operative.

. . .

SPECIAL CONDITION

It is a condition precedent to the right of the Assured to be defended or indemnified under this Insurance that

(1) the statements and particulars contained in the proposal attached hereto are true;

(2) during the currency of this Insurance the Assured shall give to the person named for the purpose in the Schedule immediate notice of writing of

(a) any claim for Malpractice made against the Assured or

(b) the receipt of notice from any person of an intention to hold the Assured responsible for any Malpractice or

(c) any conduct or circumstances which may give rise to a claim for Malpractice being made against the Assured; . . .

GENERAL CONDITIONS

If the period of limitation relating to the giving of notice is prohibited or made void by any law controlling the construction thereof, such period shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law."

(Emphasis in the original.)

expressly deal with these arguments, it did hold that the time restrictions in the policy concerning the claims covered were not an impermissible attempt to shorten the applicable state statute of limitations. Miss. Code Ann. of 1972, § 15–1–5. Having reviewed the notice provisions on which the appellant relies, we do not find that they create any ambiguity in the policy; indeed, they reinforce the conclusion that the policy affords coverage on a "claims made" basis. Were the policy in question an "occurrence" policy, the opportunity to give notice of potential claims would be superfluous. Mississippi law does not, as the appellant contends, require insurers to restrict professional liability policies to one of two rigid molds. The provisions of the policy issued by the insurer are lucid, clear, and hence enforceable. The remaining issues in this case were fully considered by the trial judge, and, for the reasons given in his opinion, *Brander v. Nabors,* N.D.Miss.1978, 443 F.Supp. 764, the judgment below is AFFIRMED.