Roy Eugene HEDRICK, Plaintiff,

v.

George BLAKE, John Doyle, and the Town of Fenwick Island, a municipal corporation of the State of Delaware, Defendants.

Civ. A. No. 81–261.

United States District Court, D. Delaware.

Feb. 5, 1982.

Robert C. Wolhar, Jr., of Wolhar & Moore, Georgetown, Del., for plaintiff.

Howard M. Berg, and Marie C. Bifferato, of Howard M. Berg & Associates, P. A., Wilmington, Del., for defendants George Blake and The Town of Fenwick Island.

OPINION

CALEB M. WRIGHT, Senior Judge.

This suit is brought against the Town of Fenwick Island, Delaware, and two of its police officers by Plaintiff, a citizen of Maryland, who alleges that he was arrested

without probable cause and subjected to physical abuse at the hands of the officers. Plaintiff alleges violation of his federal civil rights and several causes of action under state tort law. Defendant Town of Fenwick Island (hereinafter sometimes referred to as "Town" or "the Town"), has moved that it be dismissed as a defendant on the grounds that it is immune from suit pursuant to the County and Municipal Tort Claims Act, 10 *Del.C.* ch. 40, subch. II, §§ 4011–4013, and that Plaintiff's allegations of the Town's *respondeat superior* liability fail to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The Town further contends that there is no independent federal claim before this Court sufficient to enable it to exercise pendent jurisdiction over the state tort claims. It is to that final contention, not addressed by any of the parties at oral argument, that the Court will first turn its attention.

## I. *Pendent Jurisdiction*

Counsel for Plaintiff unequivocally stated at oral argument that the only liability it alleged against the Town was premised on a theory of *respondeat superior*. In *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a municipality was a "person" within the meaning of 42 U.S.C. § 1983. In the course of expanding municipalities' liability for their constitutional torts, however, the Court took care to state that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691, 98 S.Ct. at 2036 (emphasis original).

 It is abundantly clear, then, that the Town of Fenwick Island is immune from liability under § 1983 on Plaintiff's theory of the present suit. Consequently, § 1983, the only federal law question before the Court, does not provide sufficient grounds for exercising pendent jurisdiction over the state law claims against the Town.

This Court has no pendent jurisdiction over the state tort law claims against the Town of Fenwick Island.[1]

## II. *Fenwick Island's Immunity Under 10 Del.C. ch. 40*

Fenwick Island's first two arguments for dismissal—immunity under Delaware statutes and the failure of a *respondeat superior* theory to state a claim upon which relief can be granted—rely upon construction of the immunity granted to municipalities by 10 *Del.C.* ch. 40. The statute, enacted in 1979, extends immunity from damage suits to all "governmental entities" as defined by the statute.[2] The statute also provides for certain explicit exceptions to the immunity it confers.[3] Plaintiff argued that the facts

---

1. The Court notes, however, that the Complaint alleges federal diversity jurisdiction under 28 U.S.C. § 1332. There is no contention here that the Town partakes of the sovereign immunity of the State under the Eleventh Amendment. It is not the "alter ego" of the State and a damages award against it would not invade the Delaware state treasury. Consequently, the Town of Fenwick Island is found to be a citizen of the State of Delaware for the purposes of federal diversity jurisdiction. *See Blake v. Kline*, 612 F.2d 718 (3d Cir. 1979). The absence of pendent jurisdiction does not eliminate this Court's jurisdiction over all claims presented in this case.

2. 10 *Del.C.* § 4011(a) states:
 (a) Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages. That a governmental entity has the power to sue or be sued, whether appearing in its charter or statutory enablement, shall not create or be interpreted as a waiver of the immunity granted in this subchapter.

A governmental entity is defined as "... any municipality, town, county, administrative entity or instrumentality [or] ... any municipality created by a special act of the General Assembly...." *Id.* § 4010(2).

3. 10 *Del.C.* § 4012(1) provides:
 A governmental entity shall be exposed to liability for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:
 (1) In its ownership, maintenance or use of any motor vehicle, special mobile equipment,

of his case fall within one or more statutory exceptions to the Town's immunity.

### A. *Definition of "Equipment"*

■ Plaintiff's complaint alleges that Defendant Blake repeatedly struck Plaintiff with a nightstick. In his brief and at oral argument, Plaintiff urged that the Court find the nightstick to constitute "other machinery or equipment" within the meaning of 10 *Del.C.* § 4012(1). The Court declines to do so. After due consideration of Plaintiff's argument, the Court cannot accept the proposition that the definition of "equipment" is independent of the statutory subsection in which it is found. In this case, a combination of factors leads us to the conclusion that the legislature could not have intended an officer's tortious use of a police nightstick to be in the same category of "negligent acts or omissions" as the municipality's "ownership, maintenance or use" of the equipment described in § 4012(1). The statute must be read in context and the facts of each case applied to that context.[4] Application of that standard to the facts alleged in the pleadings and the text of the statute does not warrant a finding of a § 4012(1) exception to the Town's immunity.

### B. *Waiver Through the Purchase of Liability Insurance*

Plaintiff argues that in addition to the exceptions of immunity enumerated in § 4012, municipalities are not immune from liabilities for which they have purchased insurance or made provisions to self-insure. Plaintiff further alleges that the insurance policy produced to Plaintiff by Defendant, a copy of which is appended to Defendant's Reply Brief,[5] constitutes a waiver by the Town of its immunity to the tort claims covered by the policy.

Defendant first argues that this Court cannot find the existence of liability insurance to constitute a waiver of immunity. Defendant emphasizes the phrase "[e]xcept as otherwise expressly provided by statute" found in § 4011(a) and contends that no such statutory waiver exists on the subject of insurance. At oral argument, both parties concentrated on the fact that the concept of waiver through insurance is largely a judicial doctrine. Plaintiff did, however, argue that various sections of the state insurance code, 18 *Del.C.* ch. 65, speak to this issue and have been interpreted by the Delaware Supreme Court.

■ In interpreting a Delaware statute, this Court sits as a court of the State. It is guided by the State Supreme Court's interpretation of the law of immunity and, in this case, of waiver. It is also mindful· of the context in which the County and Municipal Tort Claims Act, 10 *Del.C.* ch. 40 subch. II, was passed.

Section 4011(a) explicitly provides that "the power to sue or be sued . . . shall not create or be interpreted as a waiver of the immunity granted in this subchapter."[6] This provision responds to a line of Delaware state court cases culminating in *City of Wilmington v. Spencer*, 391 A.2d 199 (Del.Supr.1978); *Varity Builders v. Polikoff*, 305 A.2d 618 (Del.Supr.1973), and *Beck v. Claymont School District*, 407 A.2d 226 (Del.Super.1979), in which state courts found an explicit waiver of immunity in the General Assembly's grant to municipalities or other independent administrative entities of the power to sue or be sued. In *Varity Builders, supra*, and particularly in *Pajewski v. Perry*, 363 A.2d 429 (Del.Supr.1976),

---

trailer, aircraft or other machinery or equipment, whether mobile or stationary.

**4.** The Court's ruling here should not be read to find that a nightstick could *never* be "equipment" under § 4012(1). Rather, the Court finds that, in the circumstances of this case, there is not sufficient evidence that the legislature intended to waive its immunity for owner-

ship of a nightstick causing injury when used in the manner alleged in the Complaint.

**5.** Town of Fenwick Island's Reply Brief in Support of its Motion for Judgment on the Pleadings, Docket Item # 21.

**6.** *See* note 2 *supra* for text of 10 *Del.C.* § 4011(a).

the Delaware Supreme Court expressed its hostility to the concept of sovereign immunity. When, in *Varity Builders*, and *Spencer, supra*, the Court found that a legislative grant of the power to sue or be sued constituted an explicit waiver of immunity, the legislature responded with 10 *Del.C.* § 4011(a), quoted above, which forecloses that interpretation of the grant of litigant's status. The legislature was and is clearly aware of the Delaware courts' position on immunity and waiver.

In considering and drafting the County and Municipal Tort Claims Act, the legislature must have been aware not only of *Pajewski, supra*, and its interpretation of the Insurance Act, 18 *Del.C.* ch. 65, but of *City of Wilmington v. Spencer, supra*. In *Spencer*, the Delaware Court said that "sovereign immunity is an unjust legal concept of constitutional origin." *Id.* at 201. The Court held that, as in *Varity Builders, supra*, the power to sue and be sued constituted a waiver of immunity. In a footnote to its opinion in *Spencer*, the Delaware Supreme Court clearly reiterated the position it had taken in *Pajewski, supra*, that 18 *Del.C.* § 6511 waives immunity for all risks covered by insurance.[7]

The Delaware legislature declined to legislatively overrule the *Spencer* opinion,

which it could have done by stating that the purchase of insurance would not be deemed to constitute a waiver of immunity under the County and Municipal Tort Claims Act. The legislature's omission is particularly significant in light of its explicit effort to overcome *Varity Builders, supra*, with statutory language about the power to sue and be sued.

█ After examination of the Tort Claims Act, the Insurance Act, and the applicable state case law, the Court concludes that the Delaware Supreme Court interprets 18 *Del.C.* § 6511 to constitute an explicit statutory waiver of the immunity from suit of any municipality which had insured itself against the particular liability for which it was being sued. If the Town of Fenwick Island is covered against the risks at issue, in this case claims of tortious conduct of employees of its police department, it has waived its immunity from this suit.

At oral argument, Plaintiff's counsel expressed his willingness to accept Defendant's counsel's assurance that the policy produced to Plaintiff was the only applicable policy and that if the Town was not covered under that policy, it was not covered at all. The Court will proceed on that assumption.[8]

---

7. *See Pajewski, supra*, at 436: "Section 6511 states flatly that defense of sovereignty 'is waived' and 'will not be asserted.' ... In other words, the statutory plan as we read it, contemplates a waiver of immunity co-extensive with the insurance program ...." "Immunity is presumptively waived by § 6511 ...." *Id.* Moreover, while *Pajewski* addressed the waiver through insurance only in the context of the *State* and its agencies, *Spencer, supra*, involved the City of Wilmington, an entity independent of the State. The *Spencer* court stated:

We note with approval that the State, by enactment of the State Insurance Program, 18 Del.C. § 6501, etc., has provided for a waiver of immunity in § 6511....

. . . . .

See *Pajewski v. Perry, supra*, 363 A.2d at 432. And the record in this case shows that the City [of Wilmington] has insurance coverage which may indemnify it for liability arising from this litigation.

*City of Wilmington v. Spencer*, 391 A.2d 199, 201 n. 2 (Del.Supr.1978). Thus, the Delaware Supreme Court has interpreted § 6511 to con-

stitute a presumption of waiver applicable not only to the State, but to municipalities and other subordinate governmental entities.

8. Unfortunately, counsel for Defendant did not explicitly make the requested representations to the Court during oral argument. Neither did it file affidavits declaring the policy in evidence to be the only policy. While the Court does not doubt either counsel's or Defendant's good faith in this matter, it is mindful of the burden, announced in *Pajewski, supra*, that the party pleading immunity because of "no coverage" must do more than merely to show that there is neither commercial nor self-insurance for the liability at issue. The party pleading immunity must also provide the *reason* for its lack of coverage. 363 A.2d at 436. To that end, the Court has ordered that Defendant submit affidavits of non-coverage and state the reasons for not covering itself. In light of Plaintiff's counsel's statements to the Court, however, the Court will assume that the policy before it represents the only coverage and that the justifications for no further coverage that will be

■ The Court finds that the language of the policy does not support a conclusion that the Town is covered for *respondeat superior* liability incurred through the action of its insured employees. First, the policy clearly states that it covers "all sums which the Insured shall become legally obligated to pay." Throughout the policy, there is a careful distinction maintained between "Named Insured," in this case the Town, and "Insured." The policy explicitly defines both terms.[9] It simply does not create a duty on the part of the insurance company to pay sums which the Named Insured may become obligated to pay. None of the further terms, conditions or declarations of the policy indicates an intent to cover the Town.

■ Counsel for Plaintiff argued strenuously that the repeated appearance of the name of the Town of Fenwick Island on the policy makes it one of the covered parties. Given the text of the policy, it seems more plausible that the underlying intention of the parties to the policy is to protect individual officers, the "insureds" under the policy, from civil liability incurred through their negligent or tortious acts committed during the course of their service with the police department. This type of coverage may well be essential to a town or municipality's ability to recruit and keep qualified officers. Such an interpretation seems particularly likely in view of § 1983 case law and § 4011(c) of the Tort Claims Act.[10] Nothing in the policy, written in March 1980, suggests that the Town, by purchasing insurance on behalf of its officers, intended or expected to open itself to *respondeat superior* liability from which it had reason to regard itself immune under state statute and federal decisional law.

## CONCLUSION

For the foregoing reasons and subject to the reservation expressed in footnote 8 of this Opinion, the Town of Fenwick Island is dismissed as a party defendant in this case.

So Ordered.

---

provided as per our Order will satisfy the Court and Plaintiff. Should the justifications be inadequate, of course, the Court reserves its right to reconsider its ruling on the instant Motion.

**9.** "Named Insured" as referred to in this policy means:
 1. The Police or Sheriff's department of the municipal, county or state governmental body, as set forth in the Declarations of this Policy.
 "Insured" as referred to in this policy means:
 1. The individual police officers or other employees of such department as are regularly employed in law enforcement duties only when acting in an "on duty" status and in furtherance of law enforcement pursuits of the Police or Sheriff's Department set forth in the Declarations of this Policy.
 2. Such other persons, parties or entities as are designated as an "Additional Insured" pursuant to any Amendatory Endorsement to this Policy.

**10.** § 4011(c):
 An employee may be personally liable for acts or omissions causing property damage, bodily injury or death in instances in which his or her governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent.