Leon M. PORTER, Sr. and June Porter, individually and as next friends of the minor plaintiff, Brian K. Porter, Plaintiffs,

v.

DELMARVA POWER & LIGHT COMPANY, a Delaware corporation, City of Dover, Delaware, a municipal corporation, Delaware Home Builders Corporation, a Delaware corporation, Defendants.

INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION, a Delaware corporation, Defendant and Third Party Plaintiff,

v.

LARAMORE, DOUGLASS AND POPHAM OF NEW YORK, INC., a New York corporation, Third Party Defendant.

Superior Court of Delaware,
New Castle County.
Submitted: Oct. 17, 1984.
Decided: Dec. 18, 1984.

---

I. Barry Guerke, of Parkowski, Noble & Guerke, P.A., Dover, for plaintiffs.

Robert K. Pearce, of Trzuskowski, Kipp, Kelleher & Pearce, P.A., Wilmington, for City of Dover.

TAYLOR, Judge.

Minor plaintiff seeks to recover for injuries received when minor plaintiff climbed a metal electric utility pole and came into contact with high voltage electric transmission lines.

Defendant City of Dover [Dover] has moved to dismiss on the ground that Dover is protected from suit by virtue of sovereign immunity and specifically by 10 *Del.C.* § 4011(a). Plaintiff contends (1) Dover has waived immunity by carrying insurance covering this type of claim, (2) this utility pole was not within the protection of 10 *Del.C.* § 4012, and (3) that 10 *Del.C.* § 4012 is unconstitutional.

I

In Delaware, in the absence of legislative waiver, sovereign immunity extends to government entities including municipalities, at least to the extent that they are performing governmental functions. *Wilmington Housing Authority v. Williamson*, Del.Supr., 228 A.2d 782 (1967); *Flait v. Mayor & Council of Wilmington*, Del.Supr., 97 A.2d 545 (1953). The power to waive sovereign immunity is vested in the General Assembly. Art. I, § 9, *Delaware Constitution; George & Lynch, Inc. v. State*, Del.Supr., 197 A.2d 734 (1964); *Shellhorn & Hill, Inc. v. State*, Del.Supr., 187 A.2d 71 (1962). Historically, the legislative power to waive sovereign immunity

s held to have been exercised through
e enactment by the General Assembly of
"home rule" statute conferring upon a
al government general powers including
e power to sue and be sued. *Varity
uilders, Inc. v. Polikoff,* Del.Supr., 305
2d 618 (1973); *City of Wilmington v.
encer,* Del.Supr., 391 A.2d 199 (1978).

In 1979, approximately one year follow-
g the Supreme Court decision in *Spencer,*
e General Assembly enacted the County
d Municipal Tort Claims Act, 10 *Del.C.*
apter 40, enacted by 62 *Del.Laws* Ch.
4. 10 *Del.C.* § 4011(a) provides:

Except as otherwise expressly provided
by statute, all governmental entities and
their employees shall be immune from
suit on any and all tort claims seeking
recovery of damages.

ver, being a municipality within the stat-
ry definition of "governmental entity",
*Del.C.* § 4010(2), falls within the quoted
guage. Plaintiff points out that the im-
nity protection of 10 *Del.C.* § 4011(a) is
alified by the language, "[e]xcept as oth-
vise expressly provided by statute" and
tends that to the extent that 18 *Del.C.*
511 applies to Dover it is outside the
munity provided by 10 *Del.C.* § 4011(a).
*Del.C.* § 6511 provides:

he defense of sovereignty is waived and
annot be asserted as to any risk or loss
overed by the state insurance coverage
rogram, whether same be covered by
ommercially procured insurance or by
elf-insurance, and every commercially
rocured insurance contract shall contain
provision to this effect, where appropri-
te.

The first consideration is whether
511 applies to a municipality. The
apter does not expressly indicate wheth-
or not its provisions were intended to
ly to a municipality. § 6502 established
Insurance Coverage Determination
mmittee to determine insurance cover-
for risks "to which the State may be
osed ... to be effected and carried by
State or any subdivision thereof, includ-
all school districts, but excluding, how-

ever, municipal corporations ..." § 6503
further specifies the Committee's function
as protection of the State from loss to
state-owned property, protection of the
public from wrongful actions of State offi-
cials and employees and from failure or
malfunctions of state-owned property, se-
cure maximum economic advantage from
the insurance program, and assure econom-
ic advantage to the State consistent with
the needs of the State. It is noted that
§ 6509 provides:

No other agency of this State, for which
coverage is herein provided, shall be au-
thorized to place any insurance, any law
to the contrary notwithstanding, and all
insurance for such agencies shall be
placed by and through the Coverage Of-
fice.

The State Insurance Coverage Office is the
office, under the direction of the State In-
surance Commissioner, charged with gener-
al administration of state insurance cover-
age program. § 6505. No definition of
the phrase "other agency of this State" is
provided in the Statute. In the absence of
a statutory definition indicating that a Del-
aware municipal corporation was intended
to be included as an "agency of this State,"
I conclude that the phrase does not extend
beyond an agency which is performing a
State function, acts on behalf of the State
and is financed by the State. From this
review of Chapter 65, Title 18, *Del.C.,* I
find no statutory support for the conten-
tion that that Chapter, or specifically
§ 6511, extends to a municipality, at least
in the absence of a state insurance pro-
gram covering municipalities.

Plaintiff relies upon language in *City of
Wilmington v. Spencer,* supra, in support
of the contention that 18 *Del.C.* § 6511
extends to a municipality. Referring to
*Pajewski v. Perry,* Del.Supr., 363 A.2d 429
(1976), the Supreme Court in *Spencer* stat-
ed (at page 201):

In *Pajewski v. Perry,* Del.Supr., 363
A.2d 429 (1976), decided just two years
ago, we reviewed the Delaware case law
on sovereign immunity and there is no

reason to rework the same ground. That case involved a claim against the State, this one asserts a claim against a municipality. But for immunity purposes the rules are essentially the same and the critical comments made about the doctrine in *Pajewski* are equally applicable here. We emphasize two of them now: sovereign immunity is an unjust legal concept of constitutional origin, and our Courts have repeatedly criticized its unfairness and urged corrective action by the General Assembly.

I read this language as emphasizing the Supreme Court's prior observations as to the inequity resulting from the concept of immunity and its support for the policy of waiver embodied in § 6511. However, after making those observations, the Supreme Court proceeded to discuss the concept that a legislative grant of the power to sue and be sued on a grant of general self-government power to a municipality constitutes a legislative exercise of its constitutional power to waive sovereign immunity. I view this as the sole holding of *Spencer* and that references to § 6511 were not within the ambit of the holding of the case.

■ The existence or status of the state insurance program contemplated by 18 *Del.C.* Ch. 65 has been the subject of considerable litigation. This Court noted in *Beck v. Claymont School Dist.*, Del.Super., 407 A.2d 226 (1979) that the state insurance coverage program contemplated

by 18 *Del.C.* Ch. 65 has never become effective. Therefore, except where good faith effort to establish a state insurance coverage program is lacking, the waiver of sovereign immunity by § 6511 is ineffective. *Pajewski v. Perry*, supra; Ibid.[1] *Beck* further found that in view of the absence of an insurance coverage program adopted pursuant to 18 *Del.C.* § 6502 the insurance coverage which the defendant school district had purchased independently of 18 *Del.C.* Ch. 65 was validly purchased and did not activate the conditional waiver of sovereign immunity created by § 6511.

■ In approaching the contentions made in this case the Court requested additional input on the question of what relationship existed between the insurance carried by Dover and the state insurance coverage program. Neither party has presented any evidence indicating an understanding by Dover or its insurer that Dover's insurance coverage was covered by the state insurance coverage program, and Dover has presented an affidavit that its coverage is not covered by the state program. Accordingly, the Court concludes that Dover's coverage is not within an existing state insurance coverage program and hence its immunity is not waived by § 6511.

Plaintiffs cite *Hedrick v. Blake*, D.Del., 531 F.Supp. 156 (1982) in support of their contention that the General Assembly by 18 *Del.C.* § 6511 waived sovereign immuni-

---

1. On a number of occasions this Court reviewed the efforts of the Insurance Coverage Determination Committee (18 *Del.C.* § 6502) to establish such a program and on each occasion found that the Committee had made a good faith effort and that the reason for the absence of such program was the unavailability of funds required to be appropriated by the General Assembly to finance such coverage. *Smythe v. The State Highway Department*, Del.Super., C.A. 1029, 1975, Balick, J. (May 21, 1978); *Baumeister v. Rago*, Del.Super., C.A. No. 1479, 1975, O'Hara, J. (Sept. 14, 1978); *Goodwyn v. Department of Health and Social Services*, Del.Super., C.A. No. 662, 1976, Bush, J. (June 28, 1978); *Hamm v. Sebastianelli*, Del.Super., C.A. No. 220, 1977, Walsh, J. (Nov.1979); *Harrigan v. Department of Highways and Transportation*, Del.Su-

per., C.A. No. 78C–NO–83, Christie, J. (Dec. 31, 1979); *Jones v. State of Delaware*, Del.Super., C.A. No. 79C–FE–40, Bifferato, J. (April 29, 1980); *Hastings v. Buckley*, Del.Super., C.A. No. 79C–MR–41, Walsh, J. (Aug. 12, 1980); *Sutton, et al v. Turner, et al v. State of Delaware, et al*, Del.Super., C.A. No. 77C–OC–78, Taylor, J. (March 20, 1981). Other cases have held similarly without making an in-depth inquiry. *Watkins v. Weir*, Del.Super., C.A. No. 78C–AU–6, Balick, J. (May 10, 1979); *Morea v. Estate of Rynkowski*, Del.Super., C.A. No. 243, 1977, Wright, J. (July 25, 1979); *Brown v. Nanticoke Memorial Hospital, Inc.*, Del.Super., C.A. No. 79C–OC–25, Balick, J. (Nov. 5, 1980); *Laird v. State*, Del.Super., C.A. No. 79C–JA–97, Taylor, J. (Jan. 12, 1982).

ty as to any risk for which a municipality carries insurance coverage. The reasoning of *Hedrick* was that the Delaware Supreme Court in *Pajewski v. Perry*, supra, and *City of Wilmington v. Spencer*, supra, had held that 18 *Del.C.* § 6511 constituted a legislative waiver of sovereign immunity to the extent of insurance coverage and that that waiver applied to municipalities. *Hedrick* further concluded that the County and Municipal Tort Claims Act, which was enacted after *Pajewski* and *Spencer*, did not contain language overriding those decisions. However, it will be noted that the Court in *Hedrick*, notwithstanding its conclusion discussed above held that the municipality was not liable for the tortious use of a nightstick by a municipal policeman.

▆▆▆▆ An examination of the Act which became 10 *Del.C.* Ch. 40 leaves no doubt that the General Assembly intended to remove any prior waiver of immunity while defining the areas where liability would exist. The Act, 62 *Del.Laws* Ch. 124, is titled:

> AN ACT TO AMEND TITLE 10, CHAPTER 40 OF THE DELAWARE CODE BY ADDING NEW PROVISIONS TO THE TORT CLAIMS ACT REESTABLISHING THE PRINCIPLE OF SOVEREIGN IMMUNITY FOR COUNTIES AND MUNICIPALITIES THROUGHOUT THE STATE OF DELAWARE.

Preamble paragraphs of the Act read:

> WHEREAS, the Courts of the State of Delaware have recently reversed precedent and have pronounced that the counties and certain municipalities of the State of Delaware no longer are protected by the Constitutional defense of sovereign immunity; and

> WHEREAS, the provision of vital local governmental services is thereby placed in substantial jeopardy by the Courts' decisions;

This Act, which was enacted in 1979, in referring to "recently reversed precedent" had reference to cases such as *Variety Builders, Inc. v. Polikoff*, supra, *Pajewski* and *Spencer* which were decided by the Supreme Court in 1973, 1976, and 1978 respectively. Thus, the clear objective of the Act was to overcome those precedents by reestablishing sovereign immunity with respect to counties and municipalities, with certain exceptions set forth in that Act. Therefore, to the extent that the language of the Act requires construction, it should be done in the manner which gives effect to that objective. 10 *Del.C.* § 4011(a) provides for general immunity for counties and municipalities "except as otherwise expressly provided by statute". The quoted phrase requires construction, and hence must be given a construction which gives reasonable effect to the stated legislative intent. I conclude that in view of the legislative intent expressed in 62 *Del.Laws* Ch. 124 neither 18 *Del.C.* § 6511 nor Dover's charter provision authorizing it to sue and be sued and to purchase insurance (cf. 36 *Del.Laws* Ch. 158) is a basis for excluding Dover from the general sovereign immunity provided by 10 *Del.C.* § 4011, since those statutes do not expressly provide waiver of immunity as to this or any municipality.[2]

▆▆ The position that a member of the public who suffers injury as a result of negligent conduct of a governmental body should be able to recover to the extent that the government carries liability coverage

---

**2.** A number of unreported decisions in this Court have disagreed with the conclusion of *Hedrick* concerning the effect of the County and Municipal Tort Claims Act on sovereign immunity for those entities. Judge Balick in *Wright v. New Castle County*, Del.Super., C.A.No. 80C–DE–96 (December 22, 1982) analyzed the holding of *Hedrick* and held that *Hedrick's* reliance on *Spencer* was incorrect in that *Spencer* did not hold that 18 *Del.C.* § 6511 waived municipal sovereign immunity, and that *Hedrick* incorrect-

ly ignored the language of 10 *Del.C.* § 4012 in holding that that section did not maintain municipal sovereign immunity. Subsequent decisions of this Court have accepted the soundness of *Wright*. Cf. *White v. Town of Elsmere*, Del. Super., C.A. No. 82C–JN–36, Stiftel, P.J. (June 15, 1983); *Jefferson v. Container Corporation of America*, Del.Super., C.A. No. 83C–FE–89, Martin, J. (April 5, 1984); *Hewitt v. New Castle County*, Del.Super., C.A. No. 83C–JN–82, O'Hara, J. (June 20, 1984).

has much appeal since public money has been used to provide that insurance. However, the availability of sovereign immunity depends upon constitutional and statutory application—at least where no contractual provision or principle of law prevents assertion of that immunity. The power to abrogate sovereign immunity is vested in the General Assembly and the Courts must look to the actions of that body to ascertain the extent to which an injured member of the public may obtain financial redress for injuries suffered.

Based on the foregoing, I conclude that Dover is immune from tort suit except as specifically described in 10 *Del.C.* Chapter 40, Subchapter II.

## II

Plaintiff contends that Dover is liable for this tort claim because this claim involves injury resulting from an electric utility pole and transmission lines and as such is excluded from sovereign immunity by virtue of 10 *Del.C.* § 4012.

■■ § 4012 permits tort suits in three categories: (1) ownership, maintenance or use of vehicles, machinery or equipment, (2) construction, operation or maintenance of public buildings or appurtenances, with certain specified exceptions not applicable here, and (3) sudden and accidental pollution of air or water. Since § 4012 is in effect a waiver of sovereign immunity by the General Assembly, it should be given a liberal but realistic application. *Pajewski v. Perry,* supra; *City of Wilmington v. Spencer,* supra.

It is noted that § 4011(b) in apparent recognition of the reality that § 4012 will be given broad application, interposes certain express limitations on the extent to which § 4012 may be applied. No contention has been made that any of those limitations would apply in this case.

10 *Del.C.* § 4012(1) reads:

A governmental entity shall be exposed to liability for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:

(1) In its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft or other machinery or equipment, whether mobile or stationary.

Dover contends that the enumeration in subparagraph (1) was intended to apply only to mobile vehicles, since all of the specifically enumerated items are in that class. Dover accounts for the words "whether mobile or stationary" by the explanation that they were intended to show that liability would apply regardless of whether the vehicles were moving or stopped when the tort occurred. This contention does not take into consideration the fact that the dictionary meaning of "stationary" includes, "fixed in a station," and that the words "stationary engine" mean "an engine permanently placed," "not portable". *Webster's Third New International Dictionary,* p. 2229. The word "mobile" is defined as meaning "capable of moving or being moved". Ibid. p. 1450.

It will be noted that the specific enumeration in that subparagraph includes the words "special mobile equipment". If, as Dover contends, the later use of the word "equipment" was intended to be limited to equipment which was capable of being moved, the words "special mobile equipment" were a redundancy and added nothing.

■■ I do not accept the contention that the word "equipment" as used in that subparagraph was intended to refer to vehicular equipment.

If the legislative draftsman had intended the words "mobile or stationary," to refer to a state of motion at a particular moment the more common language would have been "moving or stopped". I conclude that the phrase "mobile or stationary" was intended to refer to the nature or condition of the equipment and not to its state of motion at a particular moment. Accordingly, I conclude that tort claims involving municipal machinery or equipment without

regard to the mobile capacity are permissible under 10 *Del.C.* § 4012 and are not protected by sovereign immunity, within the limit provided in 10 *Del.C.* § 4013.

There remains the question of whether the electric utility pole and transmission lines are machinery or equipment. "Equipment" is defined as "the implements (as machinery or tools) used in an operation or activity". *Webster's Third New International Dictionary*, p. 768. "Machinery" is defined as "the means and appliances by which something is kept in action or a desired result is obtained". Ibid. p. 1354.

It is noted that various adjuncts to public utilities have been held to be equipment or machinery. This Court held in *Wilmington Suburban Water Corp. v. Board of Assessment for New Castle County*, Del. Super., 291 A.2d 293 (1972) that pipelines, conduits and storage tanks of a water company were "equipment" within the meaning of a property tax statute. Courts of other states have held similarly with respect to a telephone pole used for telephone lines, electric and cable TV wires, *Southwestern Bell Telephone Co. v. Calvert*, Tex.Civ. App., 479 S.W.2d 697 (1972), a television transmission tower, *KDAL, Inc. v. County of St. Louis*, Minn.Supr., 308 Minn. 101, 240 N.W.2d 560 (1976), and a dam which provided water power for an electric power company, *Eastern Pennsylvania Power Co. v. State Board of Taxes and Assessment*, N.J.Supr., 126 A. 216 (1924).

■ Based on the foregoing, I conclude that the electric utility pole and transmission lines, which are a part of the municipal electric power system owned and operated by the City of Dover, are equipment within § 4012(1) and that Dover is liable for torts caused by Dover's ownership, maintenance or use of that equipment, subject to the limitation provided in § 4013.

### III

Finally, plaintiffs contend that the County and Municipal Tort Claims Act, 10 *Del.C.* Ch. 40, Subchapter II violates Article I, Section 9 of the Delaware Constitution.

Since the Court has found that this suit falls within the class of tort claims which are permitted under 10 *Del.C.* § 4012, it is not necessary to consider this contention.

Based on the foregoing, Dover's motion to dismiss is denied.

IT IS SO ORDERED.