**YAZOO COUNTY, MISSISSIPPI and Yazoo County Port Commission, Plaintiffs,**

v.

**INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, Defendant.**

Civ. A. No. J84–0666(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

May 17, 1985.

Vardaman S. Dunn, Cox & Dunn, Ltd., Jackson, Miss., for plaintiffs.

Alex A. Alston, Jr., Barry S. Zirulnik, Thomas, Price, Alston, Jones & Davis, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on the motion of the defendant, International Surplus Lines Insurance Company (International), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Based on consideration of the briefs submitted by the parties with attachments, it is the court's opinion that the defendant's motion for summary judgment should be granted.

In this case, the plaintiffs, Yazoo County, Mississippi (Yazoo County) and Yazoo County Port Commission (Port Commission), seek to recover attorneys' fees that they incurred while defending a lawsuit filed against them, *Suthoff v. Yazoo County Industrial Development Corp.*, 722 F.2d 133 (5th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2389, 81 L.Ed.2d 347 (1984) (Suthoff lawsuit). The defendant denies any liability for payment of the attorneys' fees, claiming that neither Yazoo County nor the Port Commission are insureds under the insurance policy in question and alternately claiming that liability is excluded by an endorsement attached to the insurance policy barring any claims "arising from or attributable to or based upon any act(s) committed or alleged to

have been committed prior to August 21, 1976". International's insurance policy is expressly designated as a "claims made basis" policy. This type of policy provides for indemnity, regardless of the date of the occurrence giving rise to the claim, if the act is discovered and reported to the insurer during the policy period. *See Brander v. Nabors,* 443 F.Supp. 764, 767 (N.D. Miss.), *aff'd,* 579 F.2d 888 (5th Cir.1978). This is to be distinguished from an "occurrence" policy which provides for indemnity, regardless of when the claim is made or reported, if the act giving rise to the claim occurred during the policy period. 443 F.Supp. at 767.

The first insurance agreement between Yazoo County and International extended from August 21, 1974 to August 27, 1977 and was officially designated as a "Directors & Officers Liability & Reimbursement Liability For Public Officials/Municipalities" policy. All subsequent policies between Yazoo County and International were expressly designated as "Public Officials And Employees Liability Insurance" on a "claims made basis". All of the policies subsequent to the original agreement have an attached endorsement barring coverage for claims arising from acts committed or alleged to have been committed prior to August 21, 1976.

On or about February 16, 1979, the Suthoff lawsuit was filed against the claimants herein and several other defendants pursuant to 42 U.S.C. § 1983 alleging the deprivation of property rights under the Fifth and Fourteenth Amendments to the Constitution. Since International did not receive notice of this lawsuit until August 10, 1979, it denied an initial claim from Yazoo County for legal fees in the amount of $9,457.73, stating that Yazoo County had not properly complied with the policy's notice and consent provisions. On September 7, 1984, the instant action was commenced against International with plaintiffs demanding reimbursement of $80,448.16 expended for legal fees. The plaintiffs do not dispute that the claim for indemnification arising from the Suthoff lawsuit is barred by the policy's endorsement,

since the acts complained of in the lawsuit occurred prior to August of 1976. *See Suthoff,* 722 F.2d at 134. However, plaintiffs contend that recovery of the legal fees incurred in defending the lawsuit are not barred.

■ An initial consideration is whether plaintiffs are insureds under the insurance policy. As stated previously, the policy is expressly entitled "Public Officials And Employees Liability Insurance". The initial statements of the policy provide:

In consideration of the payment of the premium and subject to all of the terms, conditions and exclusions of this Policy, the Company agrees with the *Insureds under Coverage A and the Public Entity under Coverage B* as follows: (emphasis added)

I. *Coverages A and B*

A. The Company will pay on behalf of the Insureds all loss which the Insureds shall become legally obligated to pay for any claim or claims made against them during the policy period because of a Wrongful Act.

B. The Company will reimburse the Public Entity for all Loss for which the Public Entity shall be required by law to indemnify the Insureds for any claim or claims made against them during the policy period because of a Wrongful Act.

"Public entity" is defined as "that Municipality, Governmental Body, Department, or Unit, which is named in the Declarations and is legally constituted at the inception date of this Policy". "Insureds" is defined as "all persons who were, now are or shall be lawfully elected or lawfully appointed officials and members of the Public Entity. The term 'Insured' shall include members of such commissions, boards, or other units operating by and under the jurisdiction of such governing body and within an appointment of the total operating budget indicated in the proposal form." Considering the clear distinction made between the "public entity" and the "insureds" in the policy and the express statement that the public entity will only be reimbursed for

losses for which it is required to indemnify the insureds, defined as elected or appointed officials of the public entity, for claims made *against them*, the court concludes that the express provisions of the policy do not extend coverage to Yazoo County or the Port Commission for claims made exclusively against them. In the Suthoff lawsuit, only Yazoo County and the Port Commission, and not any of their elected or appointed officials, were named defendants. Since no appointed or elected officials of Yazoo County or the Port Commission have suffered, as a result of the Suthoff lawsuit, any loss due to the rendering of a judgment against them or any loss incurred by the necessary payment of attorneys' fees, the court concludes that the public entities' claims against International are without merit. As stated in *Brander v. Nabors*, 443 F.Supp. at 769, "Courts will neither create an ambiguity where none exists nor make a new contract for the parties. [Citations omitted] If the policy language is clear, unequivocal, and, hence, unambiguous, its terms will be enforced ... since '[t]he power to make such contracts as the parties desire to make, when not prohibited by law or public policy,[1] is a fundamental principle of the ... insurance business, and is essential to its successful conduct.' "

■ Yazoo County contends that it is an insured under the policy, arguing that the applicable policy, GP 12674, providing coverage from August 21, 1978 to August 21, 1979, is stated to be a renewal of GP 9410 which, in turn, was a renewal of GP 7039. Unlike the subsequent policies, Policy No. GP 7039 lists Yazoo County as the "named insured". However, policy GP 12674 provides that "This Declarations Page and the Forms listed below and attached hereto, together with the completed and signed Proposal shall constitute the contract between the Insured(s) and the Company subject to ... endorsement I." This language is consistent with case authority in Missis-

sippi providing that, upon renewal, an original contract is superseded and the new agreement becomes the controlling document. *McArthur v. Fillingame*, 184 Miss. 869, 186 So. 828 (1939).

■ Even assuming arguendo that Yazoo County is a named insured under the policy, the court concludes that the County and Port Commission could not recover for attorneys' fees expended in the defense of the lawsuit filed against them since the endorsement provides that all claims for acts occurring prior to August 1976 are barred. Yazoo County contends that the endorsement only states that "claims" are barred and alleges that a request for payment of attorneys' fees is not a "claim" but a "loss" which the endorsement fails to bar. The endorsement provides in full:

It is hereby understood and agreed notwithstanding anything contained herein to the contrary, this policy does not cover any claim or claims arising from or attributable to or based upon any act(s) committed or alleged to have been committed prior to August 21, 1976.

The policy does not define 'claim' but defines 'loss' as "any amount which the Insureds are legally obligated to pay or which the Public Entity shall be required by law to pay as indemnity to the Insureds, for any claim or claims made against them, for Wrongful Acts and shall include but not be limited to damages, judgments, settlements and costs, cost of investigation and defense of legal actions...." As stated, "loss" covers any "claims" made against the Insureds including "defense of legal actions". The policy unambiguously provides that a loss, including legal expenses incurred in defending a lawsuit arising out of any covered claim, will be paid. However, the underlying claim is not covered since it arose out of acts committed prior to 1976. Therefore, a loss of funds paid for legal representation arising out of the barred claim is not covered. As ex-

---

1. The court in *Brander v. Nabors*, 443 F.Supp. 764 (N.D.Miss.), *aff'd*, 579 F.2d 888 (5th Cir. 1978), held that "claims made basis" insurance policies that limit the time within which a claim

may be made against the insured neither violate Mississippi law nor offend public policy. 443 F.Supp. at 772, 773.

**156**

pressed in 7C J. Appleman, *Insurance Law and Practice*, § 4691 (W. Berdal ed. 1979), "Of course, an insurer could not be held liable for expenses incurred by the insured in defending a suit, where the claim made against the insured was not within policy coverage."

The claimants assert that Yazoo County would not have purchased the insurance and paid the premiums on the policy unless coverage would be provided to that entity since the insurance would otherwise be of no benefit to Yazoo County. A similar argument was presented in *Hedrick v. Blake*, 531 F.Supp. 156, 160 (D.Delaware 1982). In that case, the insurance policy made a careful distinction between the "named insured" and the "insured". The district court stated:

> Counsel for Plaintiff argued strenuously that the repeated appearance of the name of the Town of Fenwick Island on the policy makes it one of the covered parties. Given the text of the policy, it seems more plausible that the underlying intention of the parties to the policy is to protect individual officers, the "insureds" under the policy, from civil liability incurred through their negligent or tortious acts committed during the course of their service with the police department. This type of coverage may well be essential to a town or municipality's ability to recruit and keep qualified officers.

*Id.* at 160.

Lastly, Yazoo County contends that International waived the terms of the endorsement barring claims for acts committed prior to August of 1976 when the defendant refused reimbursement of an initial request for payment of legal fees on the stated ground that Yazoo County had failed to comply with certain notice and consent provisions of the policy. The law in Mississippi and the Fifth Circuit is that "conditions going to coverage or scope of a policy of insurance, as distinguished from those furnishing a ground for forfeiture, may not be waived by implication from conduct or action". *St. Paul & Marine*

*Ins. Co. v. Vest Transp. Co.*, 500 F.Supp. 1365, 1380 (N.D.Miss.1980), *aff'd*, 666 F.2d 932 (5th Cir.1982) (emphasis deleted). The court interprets the endorsement as a provision relating to the scope of the policy which may not be waived. As is also well settled, the doctrine of waiver cannot be used to provide coverage where such coverage is excluded by the policy. 500 F.Supp. at 1380.

For the reasons stated herein, the court concludes that the defendant's motion for summary judgment should be granted. A separate judgment will be submitted in accordance with the local rules.