Helen I. **RITGERT** and John M. Ritgert, Plaintiffs,

v.

The **CITY OF REHOBOTH BEACH,** a municipal corporation, Defendant.

Civ. A. No. 86–448–JLL.

United States District Court, D. Delaware.

March 9, 1987.

Gary W. Aber of Heiman and Aber, Wilmington, Del., for plaintiffs.

B. Wilson Redfearn and Nancy E. Chrissinger of Tybout, Redfearn, Casarino & Pell, Wilmington, Del., for defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### INTRODUCTION

This case compels the Court to resolve the pressing metaphysical question of when is a bench not just a bench but also a piece of equipment. Helen and John Ritgert (the "Ritgerts") brought suit against the City of Rehoboth Beach ("Rehoboth") to recover damages for injuries caused by a bench which struck Mrs. Ritgert's leg. In lieu of answering the Ritgerts' complaint, Rehoboth filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure for failure to state a claim upon which relief can be granted. Rehoboth contends that the Ritgerts' suit is barred by 10 *Del.C.* §§ 4010 *et seq.,* the County and Municipal Tort Claims Act (the "Act").

Jurisdiction exists by virtue of 28 U.S.C. § 1332, because of the parties' diversity of citizenship. For purposes of Rehoboth's motion to dismiss, the Court must construe all material facts alleged in the Complaint in the light most favorable to the Ritgerts and order dismissal only if the Ritgerts are not entitled to relief under any set of facts they could prove. *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The material facts of this case are not in dispute for purposes of this motion which presents the single issue of whether the Ritgerts' suit is barred by the Act. For the reasons stated below, the Court concludes that the Act does bar the Ritgerts' suit. Therefore, Rehoboth's motion to dismiss will be granted.

## FACTS

On September 24, 1984, the Ritgerts were walking on the Rehoboth boardwalk when Mrs. Ritgert was struck in the left leg by a wooden bench. (Docket Item ["D.I."] 1 at ¶¶ 5, 6.) Allegedly, Mrs. Ritgert suffered a fractured tibia and ankle for which she seeks monetary damages, and both Mr. and Mrs. Ritgert claim they have suffered a loss of consortium. (*Id.* at ¶¶ 9, 14.) The Ritgerts contend that Rehoboth was negligent in that it (1) failed to secure the bench when it knew or should have known that the wind had moved benches in the past, (2) failed to construct the bench so as to prevent its unexpected movement, and (3) failed to warn pedestrians about sudden unexpected movement of benches. (*Id.* at ¶ 7.)

## ANALYSIS

■ Rehoboth bases its motion to dismiss solely on the contention that the County and Municipal Torts Claim Act cloaks the City with a protective wrap of immunity from this suit. The general rule in Delaware has always been that a munici-pality is immune from suit for its own negligent acts or omissions unless such immunity has been statutorily modified or waived. *Fiat Motors of North America, Inc. v. Mayor and Council of the City of Wilmington,* 498 A.2d 1062, 1064 (Del. Supr.1985), *citing Varity Builders, Inc. v. Polikoff,* 305 A.2d 618 (Del.Supr.1973). The Act was passed by the Legislature in 1979 despite prior calls from the courts to supply relief from what was viewed as an inequitable doctrine. *Fiat Motors,* 498 A.2d at 1066–67.

The Act contains a broad grant of immunity followed by specific exceptions to this grant of immunity. Section 4011(a) of the Act states:

> Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages. That a governmental entity has the power to sue or be sued, whether appearing in its charter or statutory enablement, shall not create or be interpreted as a waiver of the immunity granted in this subchapter.

Subsection (b) provides specific examples of acts for which a governmental entity is immune from suit. The statute explicitly states that these examples are not to be interpreted to limit the general immunity provided by § 4011(a). The specific exceptions to § 4011(a) immunity are set forth in § 4012 which provides:

> A governmental entity shall be exposed to liability for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:
>
> (1) In its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft, or other *machinery or equipment,* whether mobile or stationary.
>
> (2) In the construction, operation or maintenance of any public building or the appurtenances thereto, except as to historic sites or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.
>
> (3) In the sudden and accidental discharge, dispersal, release or escape of

smoke, vapors, soot, fumes, acids, alkalines and toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water. (Emphasis Added) The Delaware Supreme Court has declared that the activities listed in § 4012 are the only exceptions to the general rule of municipal immunity. *Fiat Motors*, 498 A.2d at 1066.

The Ritgerts contend that this suit is not barred by the immunity bestowed upon Rehoboth by § 4011, because the bench which caused Mrs. Ritgert's injuries is *equipment* excepted from the general grant of immunity by § 4012(1).[1] Counsel for Ritgert makes a facially intriguing argument to support the contention that the bench is equipment, but this argument is devoid of substance and does not accurately reflect the limited body of case law interpreting the Act.

The Ritgerts' brief cites *Porter v. Delmarva Power & Light Co.*, 488 A.2d 899 (Del.Super.1984), and contends that the *Porter* court held that the term "equipment" should be liberally construed because it constitutes a waiver of sovereign immunity. Actually, the *Porter* court stated that § 4012 should be given "a liberal *but realistic* application." 488 A.2d at 905 (emphasis added). Additionally, this Court has stated that "[t]he statute [§ 4012(1)] must be read in context and the facts of

each case applied to that context." *Hedrick v. Blake*, 531 F.Supp. 156, 158 (D.Del. 1982). The importance of context is reflected in the *Black's Law Dictionary* (4th Ed.-Revised) definition of "equipment" which is as follows: "Furnishings or outfit for the required purpose. An exceedingly elastic term, the meaning of which depends on context."

The Ritgerts' brief provides another definition of equipment which is "[t]he means with which a task can be accomplished." *Ballentine's Law Dictionary* (3rd Ed.) Relying on this definition, the argument is advanced that a bench is equipment because it is the means by which the "task" of sitting is accomplished. (D.I. 9 at 6.) The Court is unconvinced by this formalistic etymological approach. The Court does not believe that sitting is a task as that word is used in the *Ballentine's* definition. A person who has been standing or walking all day is apt to consider sitting a relief rather than a task. If the Ritgerts' argument is taken to its logical extreme, then everything upon which one can sit, including a kitchen counter, a horse, and the ground, is equipment.[2] Although the small number of cases interpreting what constitutes equipment for purposes of § 4012(1) do not eliminate the possibility that benches are equipment, they support a definition of equipment as items which are closely akin to machinery and tools.

In *Porter*, the Superior Court had to determine whether the City of Dover was

---

**1.** The Ritgerts' Brief in Opposition to the Motion to Dismiss draws an analogy between benches and public buildings excepted from the grant of immunity by § 4012(2). (D.I. 9 at 5.) Rehoboth made an argument in its Reply Brief that the wooden bench does not fall within the scope of § 4012(2). (D.I. 11 at 3.) The Court concludes that the analogy in the Ritgerts' brief was not an attempt to contend that the § 4012(2) exception applies to this case. Therefore, the Court does not need to address the issues of whether a public bench can ever be an appurtenance to a public building and whether the boardwalk itself comes within the § 4012(2) exception.

**2.** The Ritgerts' brief cites *United States v. Baptist Golden Age Home*, 226 F.Supp. 892 (W.D.Ark. 1964), for the proposition that "[f]urniture clearly comes within the meaning of the term equipment." (D.I. 9 at 6.) This case does not support

the Ritgerts' position. Besides the fact that this case is not binding on this Court, counsel for Ritgert has either failed to recognize or point out that *Baptist Golden Age Home* is a case involving secured transactions created pursuant to Article 9 of the Uniform Commercial Code ("UCC"). Under the terms of § 9–109, Article 9 property has to be either "consumer goods," "equipment," "farm products," or "inventory." In this case, a secured party was attempting to claim furniture purchased by the Home. The security agreement covered "materials and equipment." The *Baptist Golden Age Home* court concluded that the furniture was equipment because it did not fit into any of the other definitions of goods. The fact that furniture is equipment for purposes of Article 9 of the UCC does not mean that the Delaware Legislature necessarily intended the word "equipment" in § 4012(1) to encompass benches.

immune from a suit seeking to recover for injuries sustained by a minor plaintiff who climbed a metal utility pole and came in contact with high voltage electric transmission lines. The City was sued because it owned, operated, and maintained the utility pole and transmission lines which were a part of its municipal electric power system. To resolve this issue, the Court had to decide whether the pole and lines were equipment for purposes of § 4012(1). The *Porter* court stated that equipment is defined as "the implements (as machinery or tools) used in an operation or activity." *Id.* at 906, *quoting Websters' Third New International Dictionary*, p. 768. The *Porter* court also held that the equipment exception did apply. The court referred to cases in other jurisdictions which held that utility facilities and appurtenances are equipment. *See, e.g., Southwestern Bell Tel. Co. v. Calvert*, 479 S.W.2d 697 (Tex. Civ.App.1972) (telephone pole); *KDAL, Inc. v. County of St. Louis*, 308 Minn. 101, 240 N.W.2d 560 (1976) (transmission tower). In *Hedrick*, this Court was presented with the argument that a police nightstick is machinery or equipment for the task of striking the plaintiff. This argument was rejected in the context of the particular facts of the case. 531 F.Supp. at 158.

█ This Court does not interpret *Porter* to mean that only utility facilities and appurtenances can come within the equipment exception of § 4012(1), but does find it significant to note the definition of equipment selected by the *Porter* court and to recognize the qualitative difference between what was deemed to be equipment in *Porter* and a wooden bench. Although sitting might be considered an "activity" by some, the *Porter* definition of equipment focuses on whether some item is part of an active process. A bench is not a machine or tool. Unlike utility poles and transmission lines which play a vital role in the art of transmitting electricity of a municipal-owned and operated electric power system, the bench which struck Mrs. Ritgert was no more than a simple convenience for

strollers on the boardwalk. The bench was not a necessary piece of equipment for use in some operation or activity. When considered in the context of the facts of this case, the Court holds that the bench does not constitute equipment. Therefore, the exception to the general grant of immunity to municipalities does not apply.

Attached to the Ritgerts' brief is a synopsis of the Act's legislative history. The Ritgerts contend that this history indicates that suits such as theirs were not intended to be barred by the grant of immunity. The legislative history does indicate a general concern with the limits of municipal immunity, but nothing in the legislative history addresses itself specifically to the issue of what constitutes equipment. Therefore, the legislative history does not assist this Court in determining whether a bench is equipment.

The Court's holding reflects the need to give § 4012 not only a liberal but a realistic application in the context of a particular case. As the Supreme Court of Delaware noted in *Fiat Motors*, courts had criticized the doctrine of municipal immunity for years and had called upon the Legislature to provide relief. The Legislature's response was to pass an act which strongly reaffirmed the doctrine of municipal immunity. This Court must interpret the statute as written. *Fiat Motors*, 498 A.2d at 1066–67. Given the broad grant of immunity provided by § 4011 and the limited exceptions of § 4012, the Court would act against the intent of the Legislature as expressed on the face of the statute itself, if the Court were to stretch the definition of equipment to include the bench which struck Mrs. Ritgert.[3]

**CONCLUSION**

Rehoboth's motion to dismiss will be granted in conformity with this opinion.

---

**3.** The parties discuss in their briefs the "public outdoor recreation" equipment exclusion from the § 4012(2) exception to the general § 4011 grant of municipal immunity. Because the

Court has held, as a matter of Delaware law, that a bench is not equipment in the context of this case, it is unnecessary to consider whether the bench is recreational equipment.